# Court of Appeals
# of the State of Georgia

ATLANTA,  December 01, 2014

*The Court of Appeals hereby passes the following order:*

## A15D0062.  NADINE MARIE JACKSON-RONE v. JP MORGAN CHASE BANK, N.A. et al.

On September 18, 2014, Nadine Jackson-Rone filed this application for discretionary appeal seeking review of the trial court's August 11, 2014 order dismissing her complaint.  Although it appears from the scant materials before us that the trial court's order is a directly appealable final judgment, see OCGA § 5-6-34 (a), we lack jurisdiction to consider Jackson-Rone's application because it is untimely.[1]

Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed.  See OCGA § 5-6-35 (d) and (j); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  Because Jackson-Rone filed her application 38 days after entry of the order she seeks to appeal, the application is

---

[1] We transferred this case to the Supreme Court because of Jackson-Rone's claim for quiet title. The Supreme Court returned the case because the application did not sufficiently establish the Supreme Court's subject matter jurisdiction.

untimely, and it is hereby DISMISSED for lack of jurisdiction.[2]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____12/01/2014_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] JP Morgan Chase Bank's responsive brief shows that Jackson-Rone filed a timely notice of appeal in the trial court. Thus, the trial court's order will be reviewed by this Court on direct appeal.